**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Tonna Yutze**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Temporary Housing, Inc. d/b/a CRS Temporary Housing, Christopher Hunter and Jane Doe Hunter**, a married couple, and **Tim McMullan and Jane Doe McMullan**, a married couple,<br><br>Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, ET SEQ.**<br><br>**(Demand for Jury Trial)** |

Plaintiff, Tonna Yutze ("Plaintiff"), individually, and on behalf of all other persons similarly situated, and against Defendants Temporary Housing, Inc. d/b/a CRS Temporary Housing, Christopher Hunter and Jane Doe Hunter, and Tim McMullan and Jane Doe McMullan ("Defendants" or "CRS Temporary Housing") alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for equitable relief, overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

amended, 29 U.S.C. § 216(b).  Plaintiff brings this action on behalf of herself and all similarly-situated current and former Residence Specialists of Defendants.

2.  Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants[1] for their unlawful failure to pay overtime in violation of the FLSA.

3.  Plaintiff brings a collective action under the FLSA to recover the unpaid overtime wages owed to her individually and on behalf of all other similarly-situated Residence Specialists, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

4.  Plaintiff and the Collective Members are current and former employees of Defendants and brings this action on behalf of herself and all similarly-situated current and former Residence Specialists who Defendants misclassified as "exempt" from overtime under the FLSA, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

5.  The Collective Members are all current and former Residence Specialists who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

6.  The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their

---

[1] All Defendants to this action are collectively referred to as either "CRS Temporary Housing" or "Defendants" unless specified otherwise.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

regular rates of pay for all time they spend working in excess of 40 hours in a given workweek.

## JURISDICTION AND VENUE

7.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

10.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

12. At all material times, Plaintiff was a full-time employee of Defendants who worked as a Residence Specialist from approximately September 2019 through approximately February 2020.

13. At all material times, Plaintiff was employed by Defendants and paid as an exempt employee.

14. At all relevant times, Defendants employed Residence Specialists to perform various non-exempt duties, including, but not limited to, finding temporary housing for insureds on behalf of their respective insurance companies, including communicating with insureds via telephone and email, determining their specific housing wants and needs, and locating temporary housing that meets their needs, and communicating with property owners and landlords via telephone and email to find temporary housing that suits the insureds' needs.

15. At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

16. At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a)(1).

17. Plaintiff has given her written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

18. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated who are current or former Residence Specialists of Defendants,

including but not limited to current or former Residence Specialists of Defendants who agree in writing to join this action seeking recovery under the FLSA.

19.    Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated current and former employees of Defendants–specifically, current or former Residence Specialists of Defendants who Defendants misclassified as "exempt" from overtime under the FLSA and, therefore, did not receive an overtime premium for time spent working in excess of 40 hours in a given workweek.

20.    Defendant Temporary Housing, Inc. is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

21.    At all relevant times, Defendant Temporary Housing, Inc. does business as "Temporary Housing."

22.    Under the FLSA, Defendant Temporary Housing, Inc. is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Temporary Housing, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Temporary Housing, Inc.  Having acted in the interest of Defendant Temporary Housing, Inc. in relation to their employees, including Plaintiff, Defendant Temporary Housing, Inc. is subject to liability under the FLSA.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

23.     Defendants Christopher Hunter and Jane Doe Hunter are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Christopher Hunter and Jane Doe Hunter are owners of Defendant Temporary Housing, Inc. and were at all relevant times Plaintiff's and the Collective Members' employers as defined by the FLSA, 29 U.S.C. § 203(d).

24.     Under the FLSA, Defendants Christopher Hunter and Jane Doe Hunter are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Christopher Hunter and Jane Doe Hunter were the owners of Defendant Temporary Housing, Inc.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendant Temporary Housing, Inc. As persons who acted in the interest of Defendant Temporary Housing, Inc. in relation to its employees, including Plaintiff, Defendants Christopher Hunter and Jane Doe Hunter are subject to individual liability under the FLSA.

25.     Defendants Tim McMullin and Jane Doe McMullin are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Tim McMullin and Jane Doe McMullin are owners of Defendant Temporary Housing, Inc.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-6-

and were at all relevant times Plaintiff's and the Collective Members' employers as defined by the FLSA, 29 U.S.C. § 203(d).

26.     Under the FLSA, Tim McMullin and Jane Doe McMullin are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Tim McMullin and Jane Doe McMullin were the owners of Defendant Temporary Housing, Inc.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendant Temporary Housing, Inc. As persons who acted in the interest of Defendant Temporary Housing, Inc. in relation to its employees, including Plaintiff, Defendants Tim McMullin and Jane Doe McMullin are subject to individual liability under the FLSA.

27.     Defendants, and each of them, are sued in both their individual and corporate capacities.

28.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

29.     At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

30.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

-7-

31.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

32.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

33.     At all relevant times, Plaintiff and the Collective Members in their work for Defendants, were engaged in commerce or the production of goods for commerce.

34.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

35.     At all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-918 (9th Cir. 2003), and employed Plaintiff and the Collective Members.

## **FACTUAL ALLEGATIONS**

36.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37.     Defendants own and/or operate as CRS Temporary Housing, an enterprise located in Maricopa County, Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-8-

38.     CRS Temporary Housing is a third-party temporary housing company headquartered in Phoenix, Arizona, that facilitates the location and acquisition of temporary housing for insured individuals impacted by disasters that make their home uninhabitable.

39.     CRS Temporary Housing functions as a broker connecting insurance companies and insureds with temporary housing.

40.     At all relevant times in her work for Defendants as a Residence Specialist, Plaintiff performed and continue to perform straightforward inside sales tasks.

41.     At all relevant times in their work for Defendants, Residence Specialist had and have the primary job duty of finding temporary housing for insureds on behalf of their respective insurance companies, including communicating with insureds via telephone and email, determining their specific housing wants and needs, and locating temporary housing that meets their needs, and communicating with property owners and landlords via telephone and email to find temporary housing that suits the insureds' needs.

42.     At all relevant times in their work for Defendants, the Residence Specialists are and have been classified as FLSA-exempt and paid a base salary plus bonuses based entirely on sales performance.

43.     On approximately September 1, 2019, Plaintiff began her employment with Defendants as a Residence Specialist, performing primarily non-exempt tasks, including communicating with insureds via telephone and email, determining their specific housing wants and needs, and locating temporary housing that meets their needs, and

communicating with property owners and landlords via telephone and email to find temporary housing that suits the insureds' needs.

44.     Rather than paying their Residence Specialists–including Plaintiff and the Collective Members–an overtime premium for time spent working in excess of 40 hours in a given workweek, Defendants misclassified them as "exempt" in order to avoid their responsibilities under the FLSA.

45.     Plaintiff and the Collective Members were compensated an annual base salary of $43,500.00 with the possibility of earning bonuses or commissions, regardless of how many hours they worked each week.

46.     Defendants regularly communicated to Plaintiff and the Collective Members that they were expected to work overtime because they were salaried.

47.     In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, she was scheduled to work, at a minimum, 45-48 hours per week.

48.     In addition to hours worked in the office each week, Plaintiff was expected to work additional hours at home during nights and weekends.

49.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Members employment with Defendants, they worked between 10 and 20 hours of overtime without being compensated at one-and-one-half times their regular rates of pay for such time worked.

50.     In their work for Defendants, Plaintiff and the Collective Members were non-exempt employees.

51.     At all relevant times, Defendants have required and require the Residence Specialists to be constantly available by phone and email and immediately responsive to insureds' and property owners' needs.

52.     At all relevant times, CRS Temporary Housing has required and requires the Residence Specialists to work continuously through the day, communicating with potential and current customers and carriers by phone, text, and email, finalizing housing arrangements and contracts.

53.     CRS Temporary Housing also sets challenging sales quotas, enforces them harshly, and fosters an intensely competitive culture.

54.     These factors cause Plaintiff to consistently work significant overtime.

55.     CRS Temporary Housing requires Residence Specialists to work at least 45 to 48 hours per week in the office (separate from any time worked at home).

56.     Because of the nature of the work and demands placed by CRS Temporary Housing, management is aware that Plaintiff consistently worked through lunch (either skipping lunch or eating at her desk while working).

57.     In addition, Plaintiff worked extensive time outside of normal business hours, during mornings, evenings, and weekends.

58.     In their work for Defendants, Plaintiff and the Collective Members were not outside sales employees.

59.     In their work for Defendants, Plaintiff and the Collective Members were not customarily and regularly engaged away from CRS Temporary Housing's place or places of business in performing their primary duties.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

60.     In their work for Defendants, Plaintiff and the Collective Members were not commissioned sales employees half of whose total earnings consisted of commissions.

61.     At no point during any workweek during which Plaintiff and Collective Members worked for Defendants did more than half of their total earnings consist of commissions.

62.     In their work for Defendants as Residence Specialists, Plaintiff's and the Collective Members' primary duty was not managing the enterprise that is CRS Temporary Housing, or managing a customarily recognized department or subdivision of the enterprise that is CRS Temporary Housing.

63.     In their work for Defendants as Residence Specialists, Plaintiff and the Collective Members did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

64.     In their work for Defendants as Residence Specialists, Plaintiff and the Collective Members did not have the authority to hire or fire other employees, nor were her suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

65.     In their work for Defendants as Residence Specialists, Plaintiff's and the Collective Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of CRS Temporary Housing or CRS Temporary Housing's customers.

66.     In their work for Defendants as Residence Specialists, Plaintiff's and the Collective Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

67.     From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiff and the Collective Members for any of their overtime hours.  During each and every workweek during which Plaintiffs and the Collective Members worked for Defendants, they worked approximately 50 to 60 hours per week, including routinely working through lunch periods, routinely working from home after regular business hours, and routinely working from home on weekends for which time Defendants failed to accurately record Plaintiff's and the Collective Members' time worked while suffering or permitting them to work nonetheless.

68.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

69.     Defendants engaged in the regular practice of willfully failing to pay Plaintiff and the Collective Members one and one-half times their regular rates of pay for all time that they suffered or permitted Plaintiff and Collective Members to work in excess of forty (40) hours per workweek.

70.     As a result of Defendants' willful failure to pay Plaintiff and Collective Members one and one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiff less than the applicable overtime

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

wage rate for such work that Plaintiff and the Collective Members performed in excess of forty (40) hours per workweek.

71.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff and the Collective Members to work.  As such, Plaintiff's and the Collective Members' time records understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs and the Collective Members to work.

72.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

73.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff and the Collective Members one and one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

74.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members one and one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

75.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

76.     In a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked for Defendants for more than 40 hours and were not paid the applicable overtime wage premium of one and one-half times their regular rates of pay under the FLSA 29, U.S.C. § 207(a).

77.     Plaintiff and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

78.     Defendants wrongfully withheld wages from Plaintiff and the Collective Members by failing to pay all wages due for hours worked by Plaintiff and the Collective Members.

79.     Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

80.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former Residence Specialists of Defendants.

82.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current and former

Residence Specialists of Defendants, who are not or were not paid one and one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

83.     At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one and one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.  Plaintiff's claims stated herein are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical.

84.     Plaintiff and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the hours worked in excess of forty (40) during that workweek.  Further, Plaintiff and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

85.     Plaintiff and the Collective Members received an annual base salary of approximately $43,500.00 with the potential to earn additional bonuses.

86.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Members' employment with Defendants, they were scheduled to work, at a minimum, forty-five (45) to forty-eight (48) hours per week.

87.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Members' employment with Defendants, they worked between ten (10) and twenty (25) hours of overtime without being compensated at one and one-half times their regular rate of pay for such time worked.

88.     Although Defendants permitted and/or required the Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) in a given workweek.

89.     The Collective Members perform or have performed the same or similar work as Plaintiff.

90.     The Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

91.     The Collective Members are not exempt from receiving overtime pay.

92.     As such, the Collective Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime.

93.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

94.     The experience of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

-17-

95.     The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

96.     All class members, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

97.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula.  The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

98.     As such, Plaintiff brings her FLSA overtime claims as a collective action on behalf of the following class:

**The FLSA Collective Members are all of Defendants' current and former Residence Specialists who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

99.     Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by manipulating and/or failing to properly record the hours the employees work.

100.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one and one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

101.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

102.    This action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

103.    The Collective Members perform or have performed the same or similar work as Plaintiffs.

104.    Upon information and belief, the individuals similarly situated to Plaintiffs include more than one hundred (100) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

105.    Notice can be provided to the Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via text message at the last known telephone number known to Defendants.

106.    Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

## **DAMAGES**

107.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

108.    Plaintiff and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 hours in a given workweek for which they were not paid at the federally mandated overtime rate–i.e., Plaintiff and the Collective Members are entitled one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per week for Defendants.

109.    Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

110.    Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT UNPAID OVERTIME

111.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

112.    Defendants misclassified Plaintiff and the Collective Members as "exempt" from overtime under the FLSA.

113.    Defendants operated pursuant to their policy and practice of not paying Plaintiff and the Collective Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

114.    While employed by Defendants, Plaintiffs and the Collective Members worked tens of hours of overtime per week each and every workweek for which they

worked for Defendants, and Defendants did not pay to Plaintiff and the Collective Members one and one-half times their regular rate of pay for such time.

115.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

116.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

117.    Plaintiff and the Collective Members believe and therefore aver that Defendants owe them unpaid overtime wages for each and every pay period for the duration of their employment.

118.    Additionally, while employed by Defendants, during each and every workweek during which Plaintiff and the Collective Members worked, Defendants suffered or permitted Plaintiff and the Collective Members to work overtime hours during lunch breaks, outside of normal business hours and on weekends, yet Defendant did not pay Plaintiff or the Collective Members any wage whatsoever for such time Plaintiff and the Collective Members worked.  As a result, Defendants additionally failed or refused to compensate Plaintiff and the Collective Members one and one-half times their regular rates of pay for hours Plaintiff and the Collective Members worked outside of normal business hours and on weekends.

119.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

120.   Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

121.   Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

122.   Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

123.   Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

124.   As a result of Defendants failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).  Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Tonna Yutze, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

i. violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper minimum wages; and

ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 207;

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff and the Collective Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

-23-

E. For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G. Such other relief as this Court deems just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

Plaintiffs request that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 17th day of September, 2021.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau

-24-